UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BAOGANG WU,<br>*on his own behalf and on behalf of others similarly situated* | Case No. 22-cv-12956 |
| | **29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION**<br>**& FED. R. CIV. P. 23**<br>**CLASS ACTION** |
| Plaintiff, | |
| v. | |
| LI HAI LLC<br>  d/b/a Noodle Topia<br>LI ZHAI<br>FENG YU | **AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| Defendants. | |

---------------------------------------------------------- x

Plaintiff BAOGANG WU (hereinafter referred to as "Plaintiff" or "BAOGANG WU") on his own behalf and on behalf of others simlarly situated by and through his attorney, Troy Law PLLC, hereby brings this First Amended Complaint against Defendants LI HAI LLC d/b/a Noodle Topia (hereinafter referred to as "Li Hai LLC" or "Corporate Defendant"); LI ZHAI and FENG YU (collectively referred to as "Individual Defendants") (collectively with Corporate Defendant referred to as "Defendants") and alleges as follows:

## INTRODUCTION

1. BAOGANG WU brings this action on behalf of himself and other similarly situated employees of defendants for violations of the Fair Labor

1

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Michigan Consolidated Laws (MCL) Chapter 408 and the Workforce Opportunity Wage Act, Act 138 of 2014 arising from Defendants' various willful, malicious, and unlawful policies, patters and/or practices

2. BAOGANG WU alleges under the FLSA that he is entitled to recover from Defendants: (1) unpaid wages, (2) overtime wages, (3) liquidated damages and/or (4) attorneys' fees and costs.

3. BAOGANG WU alleges under the MCL Chapter 408 and Workforce Opportunity Wage Act, Act 138 of 2014 that he is entitled to recover from Defendants: (1) unpaid wages, (2) overtime wages, (3) liquidated damages, and/or (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5. The Court has Supplemental jurisdiction over BAOGANG WU's claims under section 1367, Subsection (a) of Title 28 of the United States Code.

6. Venue is proper in the United States District Court Eastern District of Michigan pursuant to Section 1391, Subsection (b) and (c) of Tittle 28 of the United States Code, because Defendants conduct business in the Eastern District

2

of Michigan and because the acts and omission giving rise to the claims alleges herein took place within the Eastern District of Michigan.

## PLAINTIFF

7. BAOGANG WU was employed by Defendants from on or about April 28, 2022 to June 9, 2022 to work as a miscellaneous helper at Defendants business known as "Noodle Topia" located at 30120 John R Road, Madison Heights, MI 48071.

## DEFENDANTS

### *Corporate Defendant*

8. LI HAI LLC is a domestic business corporation with a registered address at 108 Forthton Street, Troy, MI 48084 and a principal address at 30120 John R Road, Madison Heights, MI 48071.

9. LI HAI LLC during plaintiffs' employment was a business with a gross annual revenue in excess of five hundred thousand dollars ($500,00.00) per year.

10. LI HAI LLC is a business engaged in interstate or foreign commerce.

### *Owner/Operator Defendants*

11. LI ZHAI throughout BAOGANG WU employment was an active

day-to-day manger and was known to BAOGANG WU as "Boss".

12. LI ZHAI hired BAOGANG WU.

13. LI ZHAI supervised and provided BAOGANG WU with his schedule.

14. LI ZHAI promised to pay BAOGANG WU.

15. LI ZHAI reneged on his promise to pay BAOGANG WU by issuing him a check that bounced due to a stop payment order.

16. LI ZHAI refused to pay BAOGANG WU his unpaid, promised wages.

17. LI ZHAI throughout the period of BAOGANG WU's employment had the power to hire and fire employees, determined the scheduled and conditions of employment for all the workers who worked at LI HAI LLC d/b/a Noodle Topia, determined the pay rate for each of the employees and kept records for LI HAI LLC d/b/a Noodle Topia.

18. LI ZHAI acted willfully, intentionally and maliciously and is an employer within the meaning of the FLSA and Workforce Opportunity Wage Act and is jointly and severally liable with corporate defendant.

19. FENG YU is the registered agent for LI HAI LLC and was an active day-to-day manager to BAOGANG WU and known to him as 'Lady Boss'.

20. FENG YU throughout the period of BAOGANG WU's employment had the power to hire and fire employees, determined the scheduled and conditions of employment for all the workers who worked at LI HAI LLC d/b/a Noodle Topia, determined the pay rate for each of the employees and kept records for LI HAI LLC d/b/a Noodle Topia.

21. FENG YU acted willfully, intentionally and maliciously and is an employer within the meaning of the FLSA and Workforce Opportunity Wage Act and is jointly and severally liable with corporate defendant.

## STATEMENT OF FACTS

22. Defendants did not post the labor law notice posters required by Section 408.417 of the Workforce Opportunity Wage Act.

23. BAOGANG WU was employed by Defendants from on or about April 28, 2022 to June 9, 2022 to work as a miscellaneous kitchen worker at Defendants' restaurant, Noodle Topia located at 30120 John R Road, Madison Heights, MI 48071.

24. From on or about April 28, 2022 to June 9, 2022, BAOGANG WU worked from: 10:00 to 21:00 for eleven (11) hours per day for six (6) days per week and sixty six (66) hours per week.

25. BAOGANG WU did have three meal breaks during the working day that were not fixed, but he was never wholly relieved from work at any time

5

during the day during his breaks for if a customer came un while he was on break, he would have to stop his and attend to the customer.

26. Defendants did not keep any records of BAOGANG WU's working time.

27. Throughout BAOGANG WU's employment he was promised a monthly wage rate of three thousand five hundred dollars ($3,500.00) per month.

28. Additionally, BAOGANG WU lived in a dormitory owed by the defendants.

29. The fair value of the dormitory rental is around five hundred fifty dollars ($550.00) per month.

30. However, Plaintiff was not paid any wages for the work he performed from on or about April 28, 2022 to June 9, 2022, for an unpaid wage of approximately Four Thousand Nine Hundred Fifty Nine Dollars and Twenty Three Cents ($4,959.23).

31. While Plaintiff was issued a check of Three Thousand Seven Hundred Dollars ($3,700), that check bounced as a result of a stop payment by Defendants.

32. In addition, Plaintiff BAOGANG WU was required to expend Three Hundred Dollars for the plane ticket from Michigan to Detroit.

33. BAOGANG WU flat compensation did not include pay for any hours at a time and a half rate for any hours worked in a week beyond the fortieth (40th) hour.

34. Defendants failed to provide BAOGANG WU a wage statement with each payment of wages listing the following: the number of hours worked by the employee and of the wages paid to the employee, listing any deductions made each pay period.

35. Defendants committed the foregoing acts knowingly, intentionally, willfully and maliciously against BAOGANG WU, the collective class.

## COLLECTIVE ACTION ALLEGATIONS

36. BAOGANG WU brings this action individually and on behalf of other current and former non-exempt workers of defendants over the three-years preceding the filing of this complaint, through the entry of judgment of this case (the "Collective")

## CLASS ACTION ALLEGATIONS

37. BAOGANG WU brings his Workplace Opportunity Wage Act pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other current and former non-exempt workers employed by Defendant over the three years preceding the filing of this Complaint through the entry of judgement in this case. (the "Class").

38. The Class members are readily ascertainable and the class members number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from defendants' records. Notice can be provided by means permissible under Rule 23.

*Numerosity*

39. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

40. Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class

*Commonality*

41. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class Members within the meaning of the Workforce Payment Wages Act; (2) whether the Class members were paid for all the hours worked; (3) whether the Class members were paid overtime; (4) whether the Class members were provided with a wage notice at the time of hire; and (5) at what common rate, or rates subject to common method of calculation, were and are Defendants required to pay Class members?

*Typicality*

42.     BAOGANG WU's claims are typica of those claims which could be alleged by any Class members, and the relief sought is typical of the relief that would be sought by any Class members in a separate action.

43.     Defendants' policy and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

44.     BAOGANG WU and the other Class members sustained similar loses, injuries, and damages arising from the same unlawful policy and practice.

*Adequacy*

45.     BAOGANG WU is fairly and adequately able to protect the interest of the Class and has no interest antagonistic to the Class.

46.     BAOGANG WU is represented by attorneys who are experienced and competent in representing plaintiff in both class actions and wage-and-hour employment litigation.

*Superiority*

47.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particular in the context of wage-and-hour litigation where individual Class members lack the financial resources to

9

vigorously prosecute a lawsuit against a corporate defendant.

48. Class action treatment will permit a large number of similarities situated persons to prosecute their common claims in a single from simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

49. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

50. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

51. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

52. The issues in this action can be decided by means of common,

class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

53. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

54. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

55. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks

### STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Unpaid Wages
Brought on behalf of the Plaintiff and the FLSA Collective]**

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

58. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

11

59. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### Violation of 29 U.S.C. §207(a)(1)—Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Collective

60. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

61. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

62. Throughout his employment, BAOGANG WU was paid a flat compensation that did not include a rate of one and a half times the regular rate for all hours that he worked over forty (40) hours in a week.

63. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

64. Defendants knowingly willfully, and maliciously disregarded the provisions of the FLSA by failing to pay BAOGANG WU overtime.

## COUNT III.
**Violation of MCL Chapter 408, Payment of Wages and Fringes Act 390 of 1978—Failure to Pay Wages Timely Brought on behalf of Plaintiff and the Class**

65. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

66. MCL Chapter 408, Payment of Wages and Fringes Act 390 of 1978 Section 472(2)(4) states, 'An employer who has established a regularly scheduled monthly pay period is in compliance with subsection (1) if the employer pays to the employee, within 15 days after the end of a monthly pay period, all wages ended during the monthly pay period.'

67. MCL Chapter 408 Section 475(1) states, 'An employer shall pay to an employee voluntarily leaving employment all wages earned and due, as soon

13

as the amount can with due diligence be determined … not later than 3 days after the employee's voluntary termination of employment.'

68. Defendants failed to pay BAOGANG WU his final set of wags within fifteen (15) days after the end of last monthly pay period and did not pay him his remaining wages within three days he voluntarily left.

69. As a result, BAOGANG WU is owed one thousand one hundred and forty-six dollars in back wages ($1,146.00) from defendants' failure to pay him his wages timely.

70. Defendants knowingly, willfully and maliciously disregarded the provisions of the MCL Chapter 408, Payment of Wages and Fringes Act 390 of 1978, by failing to pay BAOGANG WU his wages timely

### COUNT IV.
**Violation of MCL Chapter 408, Workforce Opportunity Wage Act, Act 138 of 2014 Section 4a—Failure to Pay Overtime Brought on behalf of Plaintiff and the Class**

71. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

72. Section 4a of the Workforce Opportunity Wage Act states, 'Except as otherwise provised in this act, an employee shall receive compensation at not less than one and one half (1.5) times the regular rate at which the employee is employed for employment in a workweek in excess of forty (40) hours.'

73. Defendants failed to pay BAOGANG WU at a rate one and one

half (1.5) his original rate for all hours that he worked more than forty (40) hours in a week.

74. Section 9(1)(a) of the Workforce Opportunity Wage Act lets you bring a civil action to recover 'the difference between the amount paid and the amount that, but for the violation, would have been paid the employee under this act and an equal additional amount as liquidated damages together with costs and reasonable attorney fees as are allowed by the court.'

75. As a result of defendants failing to pay BAOGANG WU an overtime wage, he is entitled to recover from defendants his overtime wages along with liquidated damages and attorney fees and costs.

76. Defendants willfully, intentionally and maliciously disregarded the Workforce Opportunity Wage Act and Chapter 408 of the MCL by failing to pay BAOGANG WU overtime wages.

## COUNT V.
**Violation of MCL Chapter 408, Workforce Opportunity Wage Act, Act 138 of 2014 Section 7—Failure to Provide a Wage Statement Brought on behalf of Plaintiff and the Class**

77. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

78. Section 7 of the Workforce Opportunity Wage Act states, 'An employer who is subject to this act or any regulation or order issued under this act shall furnish each employee with a statement of the hours worked by the employee

and of the wages paid to the employee, listing deductions made each pay period.'

79.    Defendants failed to provide BAOGANG WU with a statement of the hours that he worked every week with the wages that he was would be getting paid and any deductions that would be taken from his payment.

80.    Defendants willfully, maliciously and intentionally disregarded the Workforce Opportunity Wage Act and Chapter 480 of the MCL by failing to provide BAOGANG WU a statement of his wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and Michigan Consolidated Laws

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein.

f) An award of unpaid overtime wages due under FLSA and Michigan Consolidated Laws due Plaintiffs and the Collective Action members plus compensatory and liquidated damages.

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and Workforce Opportunity Wage Act, Act 138 of 2014 Section 9;

i)  The cost and disbursements of this action;

j)  An award of prejudgment and post-judgment fees; and

k)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York

December 7, 2022

> TROY LAW, PLLC
> *Attorneys for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*
>
> /s/ Tiffany Troy
> Tiffany Troy